WHITAKER, WARD & PUGH, for appellant.

CHAFEE, CHEW & BAKER, BROWN & BURNSIDE and GEORGE B. RHOADS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 469*—*what weight given to.* Testimony as to the particular words used in a conversation which occurred long prior to the trial should be received with great caution.

2. ACCOUNT, § 35*—*when burden of proof on defendant.* In an action for an accounting against the maker of a promissory note secured by a chattel mortgage to the plaintiff and a bank, in which the proceeds of the sale of the mortgaged property had been deposited to the credit of the mortgagor, *held* that the burden of proving the bank's contention that the note had been fully paid was upon it.

3. ACCOUNT, § 35*—*when evidence sufficient to sustain decree.* In a suit for an accounting of the amount due on a promissory note, evidence *held* to support a decree rendered in favor of the complainant.

———————

## The People of the State of Illinois, Defendant in Error, v. Henry Ermovich, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Henry Ermovich, defendant, for illegal sale of intoxicating liquor in anti-saloon terri-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tory.   To review a judgment against defendant, the latter prosecutes a writ of error.

JOHN E. HOGAN and E. E. DOWELL, for plaintiff in error.

HARRY B. HERSHEY, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1.   EVIDENCE, § 138*—*when notice to produce original document not necessary.*   In a prosecution for illegal sale of intoxicating liquor in anti-saloon territory, it is not necessary that the State prove that it cannot produce an original internal revenue tax stamp in order to entitle it to introduce secondary evidence of its contents.

2.   INTOXICATING LIQUORS, § 140*—*when subpœna duces tecum and notice to produce tax stamp erroneously admitted in evidence.*   Where, on a prosecution for illegal sale of intoxicating liquor in anti-saloon territory, the only evidence connecting the defendant with the sale was that the location of clubrooms in which the liquor was sold was in a building adjoining his store and that his name appeared on membership cards and on tickets sold by the club and which were exchanged for liquor, and, as president of the club, in an internal revenue tax stamp issued to it, *held* that a subpœna *duces tecum* served on the defendant commanding him to produce such stamp on the trial and the sheriff's return thereon, and a notice to produce the stamp, were improperly admitted in evidence.

3.   INTOXICATING LIQUORS, § 147*—*when evidence insufficient to sustain conviction for illegal sale of.*   Evidence introduced on a prosecution for the illegal sale of intoxicating liquor in anti-saloon territory, showing merely that the location of clubrooms in which the liquor was sold was in a building adjoining a store of the defendant, and that his name appeared on the club's membership cards and tickets sold by it and exchanged for liquor, and as president of the club in an internal revenue tax stamp issued to the club, *held* insufficient to sustain a conviction when there was no evidence that the defendant had any knowledge of such use of his name.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.